IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JAMES HENRY GRESHAM,

    Petitioner,

v.

    CIVIL ACTION NO.: CV210-173

ANTHONY HAYNES, Warden, and
ERIC HOLDER, Attorney General,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Henry Gresham ("Gresham"), who currently is incarcerated at the Federal Prison Camp in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondents filed a Motion to Dismiss, and Gresham filed a Response. For the reasons which follow, Respondents'[1] Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Gresham was convicted in the Northern District of Florida of conspiracy to distribute and distribution of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Gresham was sentenced to 360 months' imprisonment, which was later reduced to 336 months' imprisonment. (Doc. No. 18-5, p. 2). Gresham filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and original sentence.

---

[1] The only proper respondent in a section 2241 petition is the warden of the facility housing the petitioner. 28 U.S.C. § 2243. Therefore, Eric Holder, the Attorney General for the United States of America, should be **dismissed** as a named Respondent.

Gresham filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which the Northern District of Florida court dismissed as being untimely filed. The Eleventh Circuit affirmed this dismissal. Gresham filed an application for leave to file a second or successive section 2255 motion. The Eleventh Circuit denied his application. (Doc. No. 1, p. 3).

Gresham then filed a motion to correct his sentence, and the trial court denied this motion. The Eleventh Circuit affirmed the trial court's denial of Gresham's motion. Gresham filed another application to file a second or successive § 2255 motion, which the Eleventh Circuit denied.

Gresham filed a 18 U.S.C. § 3582(c)(2) motion, which the trial court denied. Gresham then filed a petition for writ of habeas corpus based on his claim that his sentence violates Article I, § 9, clause 2 of the United States Constitution, and this petition was denied. (Doc. No. 1, pp. 4-5). Gresham filed several other post-conviction motions, all of which were denied by the trial court or the Eleventh Circuit. (Id. at p. 5).

In this petition, Gresham contends that his sentence violates the due process and bill of attainder clauses of the Constitution based on an increase in his offense level for obstruction of justice, even though he was not charged with or convicted of such an offense. Gresham also contends that his sentence violates the double jeopardy clause due to an increase in his offense level for possession of a firearm, and he was acquitted of this offense at trial. Gresham further contends that he was not indicted for or found guilty of a calculated drug quantity. Finally, Gresham contends that he is actually innocent of the enhancements which were added to his sentence.

AO 72A
(Rev. 8/82)

Respondents assert that Gresham's petition should be dismissed, as he does not set forth a claim for relief under § 2241.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Gresham has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Gresham alleges that section 2255 is inadequate or ineffective to test the legality of his detention because he "is of the sincere belief that any further litigation with the District Court would be hopeless and an utterly futile act, regardless of what the Constitution requires." (Doc. No. 1, p. 2).

3

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Gresham fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Gresham made the same arguments with the trial

4

court in his previously-filed post-sentencing motions as he does in this petition. (Doc. No. 1, pp. 3-5). Simply because that court denied Gresham's claims does not mean that section 2255's remedy would be inadequate or ineffective. Gresham has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Gresham has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Gresham cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Gresham is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondents' Motion to Dismiss be **GRANTED** and that Gresham's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of April, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)